IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br> v.<br><br>REX FAIVA FAUMUI,<br><br>    Defendant. | Case No. 3:18-cr-00106-SLG- |

### ORDER REGARDING RESTITUTION

Defendant Rex Faiva Faumui was sentenced on June 29, 2023. At that proceeding, after hearing the position of each party as to the amount of restitution that should be ordered to be paid by this defendant, the Court took the matter under advisement. The Court now orders restitution as set forth below.

Mr. Faumui pleaded guilty and was convicted of Kidnapping. The Presentence Investigation Report recommended that the Court order Mr. Faumui to pay restitution in the amount of $981, 171.73 to the Alaska Native Medical Center ("ANMC"), jointly and severally with the other defendants in this case. The government agrees. This is the full amount of the cost of the medical care provided by ANMC to the victim in this case. Mr. Faumui, however, asserts that the restitution he is ordered to pay should be reduced from that amount given his more limited role in the offense; he notes that Court ordered that defendant Tamole Lauina, who was convicted of being an Accessory after the Fact in this case, was ordered to pay restitution of $327,057.24, which is one-third of the total amount due to ANMC.

Mr. Faumui does not dispute that the Court may order restitution payable to ANMC in this case.[1] Rather, he maintains that his role in the offense was more comparable to that of Ms. Lauina than the role played by Macauther Vaifanua or Faamanu Vaifanua, such that the amount of restitution he is ordered to pay should be reduced below the full amount they were each ordered to pay jointly and severally. He also notes that he has been sentenced to a shorter term of incarceration than either of the Vaifanuas, and thus will be released sooner and able to make payments on this joint and several liability from income he hopes to earn upon his release.

The Court concurs with Mr. Faumui that he was not as active a participant in the brutal beating of the victim as either of the Vaifanuas. And yet, unlike Ms. Lauina, Mr. Faumui did actively participate in the actual kidnapping of the victim's person by restraining the victim, tying his hands and feet, and gagging his mouth with cloth and tape. He also provided a new baseball bat to his codefendant that was used to repeatedly beat the victim.[2] The probation officer concluded that Mr. Faimui's conduct "appears to be slightly less culpable than codefendants Macauther Vaifanua and Faamanu Vaifanua."[3] The Court finds that Mr. Faumui, through his conduct, contributed to Victim A.M.'s need for extensive medical care, but his role in the assault was less serious than the Vaifanua brothers.

The Court finds that there should be a modest reduction in the amount of restitution for which Mr. Faumui should be responsible, taking into account his contribution to the victim's loss and further considering that all of the defendants that have been sentenced to

---

[1] *See* Docket 449 (Order Regarding Restitution as to Tamole Lauina). The Court adopts as to Mr. Faumui the legal analysis on that issue that is set forth in that order.

[2] Docket 555 at 1-2 (sealed).

[3] Docket 555 at 3 (sealed).

Case No. 3:18-cr-00106-SLG, *USA v. Faumui*
Order Regarding Restitution
Page 2 of 3
Case 3:18-cr-00106-SLG   Document 565   Filed 07/07/23   Page 2 of 3

date in this case are indigent.[4]

Based on the foregoing, the Court finds by a preponderance of the evidence that Mr. Faumui should be held liable for 75% of the total amount owed in restitution to the Alaska Medical Center. Because more than one defendant in this case contributed to the harm to Victim A.M. and to his need for necessary medical care, that amount is ordered to be paid jointly and severally with the co-defendants in this case.

In light of the foregoing, IT IS ORDERED that restitution from Rex Faiva Faumui is owed to the Alaska Native Medical Center in the amount of **$735,878.80.** This restitution is ordered joint and several with the co-defendants in this case. Any unpaid amount is to be paid during the period of incarceration at a rate of 50% of wages earned while in the custody of the Bureau of Prisons and during the period of supervision in monthly installments of not less than 10% of the defendant's gross monthly income, or $25, whichever amount is greater. Interest on the restitution shall not be waived. The Clerk of Court shall prepare a supplemental judgment accordingly. IT IS SO ORDERED.

DATED this 7th day of July, 2023 at Anchorage, Alaska.

                                           */s/ Sharon L. Gleason*
                                           UNITED STATES DISTRICT JUDGE

---

[4] See 18 U.S.C. § 3664(h) ("If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.").